UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Gatewood Blakely,<br>*a.k.a. James G Blakely, Jimmy G. Blakely*,<br><br>         Plaintiff,<br><br>v.<br><br>Dir. W. Byars, Jr.;<br>James Dean, Major;<br>Ms. Whitney, Mailroom;<br>Cpl. Montgomery;<br>Major Bush;<br>Warden McCall;<br>D. M. Tatarsky, General Counsel;<br>Warden A. Padula;<br>Attorney Eric Farrell;<br>Cpl. Tisdale;<br>Ofc. Carter;<br>Sgt. D. Cotton;<br>J. Johnson;<br>DHO Patterson,<br>         Defendants. | ) C/A No. 4:11-00871-MBS-TER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

**I.  PROCEDURAL BACKGROUND**

The Plaintiff, James Gatewood Blakely ("Plaintiff/Blakely"), filed this action under 42 U.S.C. § 1983[1] on April 14, 2011. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendant Eric Farrell filed a motion to dismiss on October 7, 2011. Because Plaintiff is proceeding pro se, the court issued an order on or about October 11, 2011, pursuant to Roseboro

_____

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of Defendant Farrell's motion to dismiss and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. On November 14, 2011, Plaintiff filed a motion for extension of time to file a response to Defendant Farrell's motion to dismiss. (Doc. #83). This motion for extension was granted on November 21, 2011, giving Plaintiff until December 3, 2011, to file a response or warned that his claim may be dismissed for failure to prosecute under Rule 41b of the Federal Rules of Civil Procedure as to this Defendant if he did not respond. Plaintiff has not responded to Defendant

Farrell's motion to dismiss, or the court's orders requiring him to respond.[2] The undersigned concludes the Plaintiff has abandoned this lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute as to Defendant Farrell. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice as to Defendant Farrell.
.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
December 13,  2011

**The parties' attention is directed to the important information on the attached notice.**

---

[2] An Order was issued on June 29, 2011, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed. (Doc. #12).

3