IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Gatewood Blakely, | ) | C.A. No. 5:11-00871-MBS-KDW |
| a.k.a. James G. Blakely, Jimmy G. Blakely, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Dir. W. Byars, Jr.; | ) | |
| James Dean, Major; | ) | |
| Ms. Whitney, Mailroom; | ) | |
| Cpl. Montgomery; | ) | |
| Major Bush; | ) | |
| Warden McCall; | ) | |
| D.M. Tatarsky, General Counsel; | ) | |
| Warden A. Padula; | ) | |
| Attorney Eric Farrell; | ) | |
| Cpl. Tisdale; | ) | |
| Ofc. Carter; | ) | |
| Sgt. D. Cotton; | ) | |
| J.Johnson; | ) | |
| DHO Patterson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

James Gatewood Blakely ("Plaintiff") is a prisoner in custody of the South Carolina Department of Corrections. On April 14, 2011, Plaintiff filed a pro se action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by Defendants. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to United States Magistrate Thomas E. Rogers, III for review. Defendant Eric Farrell ("Defendant Farrell") filed a motion to dismiss on October 7, 2011. On October 11, 2011, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of Defendant Farrell's motion to dismiss and the possible consequences of failing to adequately respond. On November 14, 2011, Plaintiff filed a motion for extension of time to

respond. The Magistrate Judge granted the motion on November 21, 2011 and gave Plaintiff until December 3, 2011 to file a response and warned that Plaintiff's claim may be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) if he did not respond by the deadline. Plaintiff failed to respond by December 3, 2011. On December 13, 2011, the Magistrate Judge issued a Report in which he recommended that Plaintiff's complaint be dismissed under Rule 41(b) as to Defendant Farrell for failure to prosecute.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Pursuant to Fed. R. Civ. P. 41(b), a complaint may be dismissed for failure to prosecute or failure to comply with court orders. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: 1) the degree of the plaintiff's responsibility in failing to respond; 2) the amount of prejudice to the defendant; 3) the history of the plaintiff in proceeding in a dilatory manner; and 4) the existence of less drastic sanctions other than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

On December 27, 2011, Plaintiff filed Objections to the Report and Recommendation on the grounds that that he did not receive notice that the Magistrate Judge granted his motion for an extension of time to respond until late in the evening on December 2, 2011. Plaintiff alleged that he had been in lock-down at the prison facility when the piece of mail containing the order

granting his motion for extension arrived. As such, his mail was held by the facility until the night before the December 3, 2011 deadline. In his objections, Plaintiff also requested that he receive a new deadline to respond to Defendant Farrell's motion to dismiss. On January 3, 2012, the court granted Plaintiff's request and provided him until February 2, 2012 to file a response. On January 17, 2012, Plaintiff filed a response to Defendant Farrell's motion to dismiss.

In the present case, Plaintiff explained in his objections to the Magistrate Judge's Report, that his failure to respond to Defendant Farrell's motion to dismiss was a result of not receiving the Magistrate Judge's order as to the extension of time to respond until the night before the deadline. In the same objections, Plaintiff also requested an additional extension of time to respond to Defendant Farrell's motion to dismiss. The Magistrate Judge; therefore, did not have the benefit of being able to review the new facts alleged in the Plaintiff's objections or the request for an extension prior to the issuance of his Report and Recommendation. After the Magistrate Judge's Report was issued, this court received and granted Plaintiff's request for an extension of time and ordered Plaintiff to respond to Defendant Farrell's motion by February 2, 2012. Plaintiff complied with this order and filed a response to Defendant Farrell's motion on January 17, 2012, within the permissible time period. As such, his complaint need not be dismissed under Fed. R. Civ. P. Rule 41(b) for failure to prosecute.

## **CONCLUSION**

After a review of the Report and Recommendation and the new facts alleged by the Plaintiff in his Objections, the court declines to adopt the Report and Recommendation of the Magistrate Judge. The matter is recommitted to the Magistrate Judge for additional review and a Report and Recommendation.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Chief United States District Judge

January 27, 2012  
Columbia, South Carolina

4