# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

James Gatewood Blakely,　　　　　)　　　Civil Action No. 5:11-00871-MBS
a.k.a. James G. Blakely,　　　　　　)
Jimmy G. Blakely,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
v.　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
Dir. W. Byars, Jr.;　　　　　　　　 )　　　__ORDER AND OPINION__
James Dean, Major;　　　　　　　 )
Ms. Whitney, Mailroom;　　　　　　)
Cpl. Montgomery;　　　　　　　　)
Major Bush;　　　　　　　　　　 )
Warden McCall;　　　　　　　　　)
D.M. Tatarsky, General Counsel;　　 )
Warden A. Padula;　　　　　　　　)
Attorney Eric Farrell;　　　　　　　)
Danielle Woods-Tisdale;　　　　　　)
D. Carter;　　　　　　　　　　　 )
Sgt. D. Cotter;　　　　　　　　　 )
J.Johnson;　　　　　　　　　　　 )
DHO Patterson,　　　　　　　　　)
Lt. D. Monroe,　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　 )
_____)

Plaintiff James Gatewood Blakely ("Plaintiff") filed this action pro se pursuant to 42

U.S.C. § 1983 against Defendants, Dir. W. Byars, Jr. ("Byars"); James Dean, Major ("Dean");

Ms. Whitney, Mailroom ("Whitney"); Cpl. Montgomery ("Montgomery"); Major Bush

("Bush"); Warden McCall ("McCall"); D.M. Tatarsky, General Counsel ("Tatarsky"); Warden

A. Padula ("Padula"); Attorney Eric Farrell ("Farrell"); Danielle Woods-Tisdale ("Tisdale"); D.

Carter ("Carter"); Sgt. D. Cotter ("Cotter"); J.Johnson ("Johnson"); DHO Patterson

("Patterson"); and Lt. D. Monroe ("Monroe") (collectively the "Defendants").  Plaintiff seeks to

recover $10,000 from each defendant for the physical, mental, and emotional pain and suffering they have caused him.  (ECF No. 1, p. 27.)  This matter is before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and (6) by Farrell, which motion was filed on October 7, 2011.  (ECF No. 69.)  Also, there is before the court Plaintiff's motion for an order compelling discovery and for sanctions.  (ECF No. 126.)

The court has reviewed the record and finds the motions of Plaintiff and Defendant suitable for disposition without evidentiary hearing or oral argument.

## I.  RELEVANT PROCEDURAL BACKGROUND

Plaintiff is currently an inmate in custody of the South Carolina Department of Corrections at the McCormick Correctional Institution in McCormick, South Carolina.  On April 14, 2011, Plaintiff commenced this action under § 1983 against Defendants.  (ECF No. 1.) Plaintiff filed an amended complaint on August 31, 2011, to add an additional defendant, Monroe, and to correct the names of several other defendants.  (ECF No. 36.)  On October 7, 2011, Farrell filed a motion to dismiss, and then his answer to the complaint.  (ECF Nos. 68, 69.) On January 17, 2012, Plaintiff filed opposition to Farrell's motion to dismiss.  (ECF No. 112.) Thereafter, Plaintiff filed a motion for an order compelling discovery and for sanctions.  (ECF No. 126.)  Defendants filed their response to Plaintiff's motion to compel on March 12, 2012. (ECF No. 134.)

On March 26, 2012, Farrell filed a motion for summary judgment, offering arguments similar to the ones made in his motion to dismiss.  (ECF No. 141.)  Thereafter, Plaintiff filed opposition to Farrell's motion for summary judgment on April 30, 2012.  (ECF No. 149.)

## II. ANALYSIS

### A. Farrell's Motion to Dismiss

Upon consideration, the effect of Farrell's motion for summary judgment is to render his motion to dismiss as moot. In this regard, the court perceives that the motion for summary judgment and supporting documentation address all of the issues raised in the motion to dismiss. Accordingly, the court denies as moot Farrell's motion to dismiss. The court will adjudicate the merits of Farrell's motion for summary judgment in a separate order.

### B. Plaintiff's Motion for an Order Compelling Discovery and for Sanctions

In a motion filed pursuant to Fed. R. Civ. P. 37(a), Plaintiff seeks an order compelling Padula, Dean, Whitney, and Patterson to produce "the alleged threatening letters or request to staff that was said written by plaintiff and that plaintiff was charged with" and a "DHO hearing tape." (ECF No. 126, p. 2.) Plaintiff further seeks an order under Fed. R. Civ. P. 37(a)(4), requiring Padula, Dean, Whitney, and Patterson to pay Plaintiff $150 for making him seek an order from the court without substantial justification for denying his discovery request. (Id. at p. 3.)

In response to Plaintiff's motion, Defendants asserted that they produced the documents requested by Plaintiff as an attachment to their response to his motion. (See ECF No. 134-2, pp. 1-5.) Defendants further asserted that they made arrangements for the Plaintiff to hear a digital recording of the "DHO hearing tape" on February 5, 2012 at Lee Correctional Institution. (ECF No. 134, p. 2.)

Upon consideration, and given Defendants' substantial compliance with Plaintiff's discovery request, the court is not persuaded that issuance of an order compelling production and awarding sanctions under Fed. R. Civ. 37 is appropriate. Accordingly, the court denies

Plaintiff's motion for an order compelling discovery and for sanctions.

### III.  CONCLUSION

Upon careful consideration of the record, the court hereby **DENIES AS MOOT** Farrell's motion to dismiss and, further, **DENIES** Plaintiff's motion for an order compelling discovery and for sanctions.  (ECF Nos. 69, 126.)

**IT IS SO ORDERED**.


/s/Margaret B. Seymour
MARGARET B. SEYMOUR
CHIEF UNITED STATES DISTRICT JUDGE

September 28, 2012
Columbia, South Carolina