IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Blakely, #255623, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:11-cv-00871-RMG |
| vs. ) | |
| ) | |
| Director W. Byars, Jr.; Major James Dean; ) | **ORDER** |
| Ms. Whitney; Corporal Montgomery; ) | |
| Major Bush; Warden McCall; D.M. ) | |
| Tatarsky; Warden Padula; Eric Farrell; ) | |
| Danielle Woods-Tisdale; Officer D. Carter; ) | |
| Sergeant D. Cotter; J. Johnson; ) | |
| DHO Patterson; Lt. D. Monroe, ) | |
| ) | |
| Defendants. ) | |

Plaintiff James Blakely, an inmate of the South Carolina Department of Corrections, filed this 42 U.S.C. § 1983 action *pro se* on April 14, 2011. (Dkt. No. 1). He alleges a number of constitutional deprivations against Defendants, including conspiracy to obstruct justice, cruel and unusual punishment, and retaliation, as well as other violations of the First, Fifth, Eighth and Fourteenth Amendments. (Dkt. Nos. 36-1, 36-2). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules 73.02(B)(2)(d)and (e), D.S.C., this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings.

## Background

This matter now comes before the Court on Defendant Eric Farrell's motions seeking dismissal and summary judgment, (Dkt. Nos. 69, 141), the remaining Defendants' motion for summary judgment, (Dkt. No. 136), and also Plaintiff's motion for summary judgment against Defendant Montgomery, (Dkt. No. 163). Plaintiff responded to Defendants' motions, (Dkt. Nos.

112, 149, 148), and the Defendants replied, (Dkt. Nos. 157, 159).[1]

On, August 7, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") that Defendants' motions for summary judgment should be granted, and Plaintiff's motion for summary judgment denied. (Dkt. No. 166 at 26).[2] After receiving two extensions, (Dkt. Nos. 169, 175), Plaintiff timely filed his objections to the R&R, (Dkt. No. 180). In his objections, Plaintiff contends that the Magistrate Judge gave the Defendants "all the benefit of the doubt" and wrongly held him, a *pro se* litigant, "to the standard of a professional attorney"— in essence arguing that the Magistrate Judge applied the wrong standard in reviewing Defendants' motions for summary judgment. (Dkt. No. 166 at 15, 25). Plaintiff also requests a change of venue on the ground that, in his view, the Magistrate Judge was not impartial in her treatment of this case. (*Id.* at 3).

On January 10, 2013, this case was reassigned to the undersigned. (Dkt. No. 186). As explained herein, this Court adopts the R&R, granting Defendants' motions for summary judgment and dismissing the case.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.

---

[1] Also outstanding is Plaintiff's motion requesting an evidentiary hearing. (Dkt. No. 133). The gravamen of the motion is that Plaintiff objects to the Court providing Defendants extensions to conduct discovery. Only in the motion's final sentence does Plaintiff request the evidentiary hearing, doing so without explanation as to what he hopes to establish through such a hearing. The Court finds that a hearing would not clarify any factual issues, or produce any new evidence that might assist it ruling on the other pending motions. The Court therefore denies the motion.

[2] The Magistrate Judge treated Defendant Farrell's motion to dismiss as subsumed into her motion for summary judgment. (Dkt. No. 166 at 23 n.6). The Court follows that approach and considers Farrell's motion to dismiss, (Dkt. No. 69), moot.

*Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report and Recommendation, though, this Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendations. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court has before it cross-motions for summary judgment. Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

Plaintiff is acting *pro se* in this action. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### Discussion

After reviewing the record and the applicable law, the Court adopts the recommendation of the Magistrate Judge. Plaintiff's chief objection to the Magistrate Judge's R&R is a general one: that the Magistrate Judge applied the wrong standard in reviewing these motions, prejudicing Plaintiff.

Thus, for many of the issues he raises in his objections, Plaintiff essentially repeats arguments that were rejected by the Magistrate Judge without explaining why the Magistrate Judge's treatment of these issues was incorrect. The Court has carefully reviewed the Magistrate Judge's analysis. For each phase of the analysis, the Magistrate Judge set out the governing legal standard and cited pertinent controlling case law, accurately summarized the relevant facts as contained in the record evidence, then finally applied the law to those facts. The Court finds the Magistrate Judge's analysis correct, and agrees with each of the intermediate conclusions as well as the ultimate recommendation made by the Magistrate Judge.

The Court will, however, address three specific points Plaintiff raises in his objections. First, Plaintiff objects to the dismissal of his claims against Defendants Tatarsky and Byars, which was due to Plaintiff's failure to cite a specific Department of Corrections policy created by those two alleged policymakers that resulted in him suffering a constitutional violation. (Dkt. No. 166 at 11-12). In his objections, Plaintiff attempts to remedy that deficiency in his pleading by citing to specific Department policy provisions relating to access to legal materials. In light of Plaintiff's reference to those policies, the Court finds that Plaintiff's claims against these two defendants are best viewed as denial of access-to-the-courts claims based on supervisory liability. Even viewing these claims as such, though, the claims nonetheless fail for the same reason set forth in the Magistrate Judge's treatment of Plaintiff's access-to-the-courts claim against the other defendants: failure to show a cognizable injury to support that claim. (Dkt. No. 166 at 15-17). "In order to establish a violation of his right to access to the courts, an inmate must demonstrate with some specificity that this right was interfered with, and must also show that this interference with his rights resulted in some sort of actual injury." *Joe v. Ozmint*, No. 2:08-cv-585, 2008 WL 5076858, *10 (D.S.C. Nov. 21, 2008)

(citation omitted); *see Lewis v. Casey*, 518 U.S. 343, 348 (1996) (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim"). Plaintiff alleges that prison limitations on the amount of paper that he can use per week curtail his access to the courts. (Dkt. No. 166 at 26-27). His allegations do not, however, rise to the level of actual injury set forth by the Supreme Court in *Lewis*, and so he has failed to state a claim against Defendants Tatarsky and Byars. *Cf. Weersing v. Cartledge*, No. 8:09-cv-88, 2010 WL 4004931, at *2 (D.S.C. 2010) (stating that the actual injury requirement was not met when prisoner alleged that "he is not allowed enough time to research in the [prison's] law library, he is being denied paper and copies, and his legal mail is delayed").

Second, Plaintiff disputes the Magistrate Judge's conclusion that he has no constitutional right to have his administrative grievances processed. (Dkt. No. 180 at 28-29). The Court concludes, though, that the Magistrate Judge was correct on this point. The Fourth Circuit has made clear that a prisoner's "access to and participation in the prison's grievance process are not constitutionally protected" in themselves. *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. June 21, 2012) (*citing Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), post-Prisoner Litigation Reform Act). Malfeasance associated with the inmate grievance process only amounts to a constitutional violation where that conduct compromises an individual's right of access to the courts. *Id.*; *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain the

grievance.").[3] As explained above, Plaintiff has failed to plead an actual injury sufficient to support his claim that he has been denied access to the courts claim; thus, his related claim based on alleged shortcomings in the prison's grievance process is also inadequate.

Third, Plaintiff continues to assert that he is entitled to judgment against Defendant Montgomery. As he puts it, "[t]he mere fact that the defendants dropped the [allegedly false] charges [against Plaintiff] is evidence *per se*" that Montgomery falsely charged him. (Dkt. No. 180 at 6). As the Magistrate Judge explained, however, Defendants have presented evidence in the form of an affidavit that Plaintiff was not falsely accused, and that the charges were dropped because of a procedural deficiency in the proceeding against Plaintiff, a decision unrelated to the veracity of the claim against him. (Dkt. No. 166 at 25). At summary judgment, once the moving parties (in this case, Defendants) have shown there is no genuine issue of material fact, the non-moving party (Plaintiff, here) may not rest on his allegations, but must instead demonstrate that specific, material facts exist that give rise to a genuine issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Though Defendants have met their initial burden, Plaintiff has not countered that showing by pointing to any facts in the record that support his claim, or otherwise pointing to some deficiency in Defendants' showing. *See* Fed. R. Civ. P. 56(1).

In objecting with respect to his claim, Plaintiff also appears to allege that he suffered a constitutional injury by being kept in administrative confinement during the investigation of Montgomery's accusation. (Dkt. No. 180 at 6). In assessing such a claim, the question is whether

---

[3] The Court notes that, in any event, that Defendants have provided uncontroverted evidence that Blakely's administrative grievances were processed in accordance with established procedure. (Dkt. No. 136-35 at 7).

-6-

an inmate's "confinement in administrative segregation imposed such an atypical hardship on [him] vis a vis ordinary prison life that [he] possessed a liberty interest in avoiding it." *Beverati v. Smith*, 120 F.3d 500, 502-03 (4th Cir. 1997). Plaintiff's allegations, which center on being denied visitation, telephone privileges, and access to the canteen and recreation, do not meet this high standard. *Cf. id.* at 503-04 (holding that administrative confinement in cells "infested with vermin . . . smeared with human feces and urine . . . flooded with water from a leak in the toilet . . .[and] unbearably hot . . . were not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life").

## Conclusion

After a thorough review of the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, the Court hereby adopts the Magistrate Judge's Report and Recommendation as the Order of the Court. Therefore, the Court **GRANTS** Defendant Farrell's motion for summary judgment, (Dkt. No. 141)[4] and the remaining Defendants' motion for summary judgment, (Dkt. No.136). The Court also **DENIES** Plaintiff's motion for summary judgment against Defendant Montgomery, (Dkt. No. 163), his motion for an evidentiary hearing, (Dkt. No. 133), and his request for a change of venue, (Dkt. No. 180 at 3).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
January 18, 2013

---

[4] As explained in Footnote 2, Farrell's motion to dismiss is moot. (Dkt. No. 69).