IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Blakely, #255623, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:11-cv-00871-RMG |
| vs. ) | |
| ) | |
| Director W. Byars, Jr.; Major James Dean; ) | ORDER |
| Ms. Whitney; Corporal Montgomery; ) | |
| Major Bush; Warden McCall; D.M. ) | |
| Tatarsky; Warden Padula; Eric Farrell; ) | |
| Danielle Woods-Tisdale; Officer D. Carter; ) | |
| Sergeant D. Cotter; J. Johnson; ) | |
| DHO Patterson; Lt. D. Monroe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion under Federal Rule of Civil Procedure 59, requesting that this Court alter or amend its decision granting summary judgment to the Defendants. (Dkt. No. 191). In granting summary judgment, the Court concluded that each of Plaintiff's claims failed as a matter of law. (Dkt. No. 188).

"Motions under Rule 59 are not to be made lightly." *Reyes v. Jeffcoat*, No. 3:12-cv-298, 2012 WL 4097268, at *1 (D.S.C. Sept. 18, 2012). They should be granted only for three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct clear error of law or prevent manifest injustice." *Id.* (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Plaintiff's motion asserts the third reason. Specifically, Plaintiff argues that this Court misapplied the summary judgment standard by deciding material facts, that the Court should have held an evidentiary hearing, and that the dispute should be decided by a jury. (Dkt. No. 191).

-2-

A review of the Court's order granting summary judgment to Defendants reflects the following conclusions: (1) Plaintiff did not plead facts that could support a denial-of-access-to-the-courts claim; (2) Plaintiff has no constitutional right to an administrative grievance process; (3) Plaintiff did not effectively counter Defendants' initial showing that he has not been acquitted of the charge raised against him by Defendant Montgomery, but instead he rested on affidavits that, though they contradicted Defendant Montgomery's account, have not yet been adjudicated on the merits and decided in his favor by the South Carolina Department of Corrections; and (4) Plaintiff did not plead facts that could support a claim based on the burdens associated with administrative confinement. In short, the Court decided to grant summary judgement on Plaintiff's claims because the claims were deficient as a matter of law, not because the Court impermissibly determined disputed factual questions. Plaintiff has offered no basis for revisiting that reasoning. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion.").

Thus, for the reasons given, the Court denies Plaintiffs' motion for reconsideration.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 13, 2013